```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEYSEAN L. KEYES,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       17-CV-00692(JS)(SIL)

WILLIAM HESS, et al.,

                Defendants.
----------------------------------X
KEYSEAN L. KEYES,

                Plaintiff

        -against-                       17-CV-0696(JS)(SIL)

COUNTY COURT, Nassau County,
et al.,

                Defendants.
----------------------------------X
KEYSEAN L. KEYES,

                Plaintiff,

        -against-                       17-CV-1059(JS)(SIL)

JOHN SARCONE, et al.,

                Defendants.
----------------------------------X
KEYSEAN L. KEYES,

                Plaintiff,

        -against-                       17-CV-1060(JS)(SIL)

WINTHROP UNIVERSITY HOSPITAL,
et al.,

                Defendants.
----------------------------------X
```

----------------------------------X
KEYSEAN L. KEYES,

                Plaintiff,

    -against-                       17-CV-1061(JS)(SIL)

COUNTY COURT, Supreme Court,
et al.

                Defendants.
----------------------------------X

APPEARANCES
For Plaintiff:       Keysean L. Keyes
                      P.O. Box 1812
                      Mineola, New York 11501

For Defendants:     No appearances.

SEYBERT, District Judge:

       Incarcerated pro se plaintiff Keysean L. Keyes ("Plaintiff") filed five (5) Complaints in this Court during the period February 1, 2017 through February 27, 2017 (the "New Complaints"). In each case, Plaintiff filed an application to proceed in forma pauperis. Plaintiff has already had at least three in forma pauperis complaints sua sponte dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). See 16-CV-4016, Keyes v. Nassau Cty. Ct. and Sup. Ct., et al.; 16-CV-4989, Keyes v. Sullivan; 16-CV-5482, Keyes v. Nassau Cty. Sheriff's Dep't, et al.; 16-CV-5483, Keyes v. Nassau Cty. Corr. Facility, et al.; 16-CV-5484, Keyes v. The District Att'y, et al.; 16-CV-5485, Keyes v. The People of the State of N.Y., and 16-5486, Keyes v. Sullivan,

all of which have been dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).[1]

The Prison Litigation Reform Act, 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Here, Plaintiff has not alleged that she is in "imminent danger of serious physical injury" in any of the New Complaints. See 28 U.S.C. § 1915(g). Accordingly, because Plaintiff has on

---

[1] The Court notes that Plaintiff filed an additional fourteen (14) in forma pauperis complaints during the period October 5, 2016 through November 10, 2016. (See 16-CV-5747, Keyes v. Armor Corr. Health, et al.; 16-CV-5752, Keyes v. Nassau Cty. Ct., et al.; 16-CV-5753, Keyes v. Federal Dist. Ct., EDNY, et al.; 16-CV-5755, Keyes v. Michael Sposato, et al.; 16-CV-5757, Keyes v. Judge David Sullivan, et al.; 16-CV-5990, Keyes v. Michael Sposato, et al., 16-CV-5991, Keyes v. Nassau Cty. Sheriff's Dep't, et al.; 16-CV-5992, Keyes v. Nassau Cty. Sup. Ct., et al.; 16-CV-5993, Keyes v. Edward Mangano; 16-CV-5994, Keyes v. David Sullivan; 16-CV-5995, Keyes v. Nassau Cty. Ct., et al.; 16-CV-6226, Keyes v. Judge David Sullivan, et al.; 16-CV-6310, Keyes v. Judge David Sullivan, et al.; and 16-CV-6311, Keyes v. The Dep't of Social Svcs.) By Order dated December 30, 2016 in each case, the Court denied Plaintiff's applications to proceed in forma pauperis because Plaintiff had already accumulated three strikes and was thus barred from proceeding in forma pauperis. Each case has since been dismissed for failure to prosecute because Plaintiff did not remit the Court's filing fee. See Order, dated March 28, 2017 in each of the above cases.

three prior occasions "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," and has not alleged that she is "under imminent danger of serious physical injury," her applications to proceed in forma pauperis are DENIED as to all of the New Complaints. 28 U.S.C. § 1915(g). Accordingly, Plaintiff is DIRECTED to pay the $350 filing fee for each of the New Complaints within fourteen (14) days of the date of this Memorandum and Order, failure to do so will lead to the dismissal of her claims without further notice, and judgment shall enter in each case. Plaintiff is advised that payment of the filing fee does not exempt her from the requirements of 28 U.S.C. § 1915A and that the Court is required to dismiss a complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(a)-(b).

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                      SO ORDERED.

                      /s/ JOANNA SEYBERT
                      Joanna Seybert, U.S.D.J.

Dated:    June    6   , 2017
         Central Islip, New York